**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KAYLIN WILLIAMS,

                Plaintiff,

        v.                                          No. 9:14-CV-437
                                                          (TJM/CFH)

PAUL W. CHAPPIUS, Superintendent,
Elmira Correctional Facility, et al.,

                Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                          **OF COUNSEL:**

Kaylin Williams
Plaintiff Pro Se
12-A-3638
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

Hon. Eric T. Schneiderman            CHRISTOPHER J. HUMMEL, Esq.
Attorney General for the               Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Kaylin Williams, an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that unnamed

---

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

defendants violated his constitutional rights under the Eighth Amendment. Dkt. No. 1. After initial review of the original complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's claim for money damages against Auburn Correctional Facility ("Auburn C.F."), Clinton Correctional Facility ("Clinton C.F."), and Elmira Correctional Facility ("Elmira C.F."), dismissed Auburn C.F., Clinton C.F., and Elmira C.F. as defendants in this action, and ordered that plaintiff file an amended complaint. Dkt. No. 9 at 8. Plaintiff filed an amended complaint on September 11, 2014. Dkt. No. 10. The Court accepted the amended complaint, added the Superintendents of Auburn C.F., Clinton C.F., and Elmira C.F. as defendants in the action for service and discovery purposes only, and directed plaintiff to take reasonable steps to identify the individuals personally involved in the wrongdoing, and, if appropriate, file a motion seeking permission to file a second amended complaint. Dkt. No. 15 at 5-6.

Presently pending is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 56(a). Dkt. No. 27. Plaintiff did not submit a response to defendants' motion. For the following reasons, it is recommended that defendants' motion be granted.

**I. Background**

The facts are reviewed in the light most favorable to plaintiff as the non-moving party. See subsection II(A) infra. At all relevant times, plaintiff was an inmate incarcerated at Clinton C.F., Elmira C.F., or Auburn C.F.

Plaintiff alleges that he was attacked five separate times while incarcerated. Dkt. No.

10 at 2-3. During these attacks, plaintiff alleges that he was cut on the face and ear, and repeatedly assaulted by other inmates. Dkt. No. 10 at 2. The first three attacks occurred in January, July, and October 2013, while he was housed at Clinton C.F. Dkt. No. 10 at 2. The fourth attack occurred in November 2013, while he was housed at Auburn C.F. Id. The fifth attack occurred in January 2014, while he was housed at Elmira C.F. Id.

### A. Clinton C.F.

Plaintiff was attacked by two inmates in January 2013, while he was housed at Clinton C.F. Dkt. No. 10 at 3. One inmate cut plaintiff on the cheek and another inmate punched him in the face. Id. After this attack, he was placed on a list for the purpose of keeping him physically separate from gang members and other specific individuals who may harm him. Id. The defendants ignored plaintiff's placement on the list by repeatedly allowing him to interact with the individuals who would cause him physical harm. Id.

Plaintiff was attacked on a second occasion between July 28, 2013, and August 3, 2013, by members of the Bloods gang. Dkt. No. 10 at 4. One attacker cut plaintiff on the side of his face while two other attackers punched him in the face and upper body. Id. Plaintiff states that this attack occurred because the staff at Clinton C.F. ignored his placement on a "protective list." Id.

Plaintiff was attacked a third time in October 2013, by two members of the Bloods gang. Dkt. No. 10 at 4. Plaintiff was cut on his lip, ear, and hand by a razor, and then punched and slapped in the face. Id. Plaintiff contends that this attack occurred "because of the deliberate indifference and negligence on the part of the defendants." Id.

### B. Auburn C.F.

#### 1. Grievance AUB-64006-13

Plaintiff alleges that he was attacked on November 20, 2013, while working out at Auburn C.F. Dkt. No. 10 at 4. One inmate attacked the plaintiff from behind and cut the left side of his face while another inmate punched and kicked him. Id. Plaintiff was significantly injured from this attack, and received twenty-five stitches on the left side of his face. Id. Plaintiff states that he was attacked due to a lack of corrections officers in the vicinity, despite their knowledge that plaintiff was susceptible to attacks. Id. On November 26, 2013, plaintiff filed a grievance regarding the attack, and requested that inmates be required to walk through metal detectors when entering the yard to ensure the absence of weapons. Dkt. No. 10 at 4; Declaration of Cheryl Parmiter ("Parmiter Decl.") Ex. A (Dkt. No. 27-5 at 7). The Inmate Grievance Review Committee ("IGRC") denied the request, citing insufficient staff and equipment to conduct a full metal detector search. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 10).

#### 2. Grievance AUB-64028-13

Plaintiff filed a grievance on November 28, 2013, stating that his property went missing after he returned to his cell after receiving medical treatment at the hospital. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 11). Plaintiff alleges that he was told that his cell was packed by officers, but he never received the property. Id. The IGRC granted the grievance to the extent of recommending that plaintiff file a claim for missing property. Id. (Dkt. No. 27-5 at 12).

### 3. Grievance AUB-64125-13

The IGRC received a grievance from plaintiff on December 20, 2013, which requested that he be placed in the Assessment and Program Preparation Unit ("APPU"), a safe housing unit, due to his status as an informant, and prior attacks against him at Clinton C.F. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 3, 14). The IGRC responded by informing plaintiff that a transfer to a safer housing unit was beyond the scope of its authority, and referred the grievance to the superintendent. Id. (Dkt. No. 27-5 at 3, 17-18). On January 27, 2014, the superintendent granted the grievance to the extent of placing plaintiff in protective custody prior to his transfer to Elmira C.F. Id. (Dkt. No. 27-5 at 16). Plaintiff states he never received the superintendent's response. Dkt. No. 10 at 5.

### C. Elmira C.F.

Plaintiff alleges that he was cut and punched by fellow inmates while using the gym at Elmira C.F. in January 2014. Dkt. No. 10 at 5. He states that no staff was present in the gym when the attack occurred. Id.

### II. Discussion[2]

Plaintiff claims that the defendants committed "malicious and deliberate[] indifferent misconduct" that violated his Eighth Amendment Rights. Dkt. No. 10 at 1. Defendants argue that plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C.

---

[2] All unpublished opinions cited to by the court are, unless otherwise noted, attached to this Report-Recommendation and Order.

§ 1997e(a), the Prison Litigation Reform Act ("PLRA"). Dkt. No. 27-9 at 3.

**A. Legal Standard**

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden to show the absence of disputed material facts by "citing to particular parts of materials in the record[.]" FED. R. CIV. P. 56 (c)(1)(A); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court will resolve ambiguities and draw reasonable inferences in favor of the non-moving party. Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403, 408 (2d Cir. 1988) (quoting Knight v. U.S. Fire Ins. Co., 804 F.3d 9, 11 (2d Cir. 1986)) (additional citation omitted).

A non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). For a court to grant a motion for summary judgment, it must be apparent that no rational finder of fact could find in favor of the non-moving party. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se

> litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008).

### B. Exhaustion

Defendants contend that their motion for summary judgment must be granted because plaintiff failed to exhaust administrative remedies. Dkt. No. 27-9 at 9. The PLRA requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). The exhaustion requirement applies "'to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Mauldin v. Kiff, No. 11-CV-107-A, 2014 WL 2708434, at *4 (W.D.N.Y. June 16, 2014) (quoting Porter, 534 U.S. at 532). Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as money damages. Porter, 534 U.S. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable

to the correctional facility in which he or she is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. Cty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). While the PLRA requires an inmate to exhaust administrative remedies prior to bringing suit about prison life, a court must consider whether:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement[.]

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

Administrative remedies are unavailable when there are no procedural means that afford the possibility of relief for the action complained of. Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Further, courts have found administrative remedies to be unavailable "'where [a] plaintiff is unaware of the grievance procedures or did not understand it or where defendants' behavior prevents plaintiff from seeking administrative remedies.'" McCray v. Smith, No. 9:07-CV-415, 2009 WL 2762166, at *4 (N.D.N.Y Aug. 25, 2009) (quoting Hargrove v. Riley, No. CV-04-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. Jan. 31, 2007)). Where an inmate made a reasonable attempt to file a grievance but prison officials prevented the filing, the grievance procedures are not available to the defendant and the PLRA does not prevent the prisoner from suing in federal court. Thomas v. N.Y.S. Dep't of Corr. Servs., No. 00-CV-7163(NRB), 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002)

-8-

(citations omitted).

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5 (2015). First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged action. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing. Id. §§ 701.5(b)(2)(i)-(ii). If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable to the inmate, the inmate may appeal to the Central Office Review Committee ("CORC") within seven days after receipt of the superintendent's determination. Id. §§ 701.5(d)(i)-(ii). CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." Id. § 701.5(d)(3)(ii).

### 1. Clinton C.F.

Plaintiff claims that he was attacked on three occasions at Clinton C.F. Dkt. No. 10 at 2. In January 2013, plaintiff was cut on the cheek and punched in the face by two inmates. Id. at 3. He was attacked again sometime between July 28, 2013 and August 3, 2013 when two inmates cut the side of his face and punched him in the face and upper body. Id. at 4.

-9-

Plaintiff was attacked a third time on October 20 or 21, 2013.  Id.  During the third attack, he sustained cuts on his lip, ear, and hand by a razor, and was repeatedly punched and kicked. Id.  Defendants contend that plaintiff failed to file a grievance regarding any of the incidents described in his complaint.  Dkt. No. 27-9 at 5-6.

After a diligent search of the inmate grievance records, no results were found for grievances filed by plaintiff regarding the attacks alleged in his complaint.  Declaration of Christine Gregory ("Gregory Decl.") ¶ 6 (Dkt. No. 27-1); Declaration of Steven Racette ("Racette Decl.") ¶ 5 (Dkt. No. 27-2).  Christine Gregory, a DOCCS Inmate Grievance Supervisor at Clinton C.F., searched the inmate grievance records maintained by the facility and did not find any grievances filed by plaintiff during his incarceration at Clinton C.F. Gregory Decl. ¶¶ 5-7.  Steven Racette, superintendent of Clinton C.F. during plaintiff's incarceration, also conducted a diligent search for correspondence from plaintiff regarding the incidents alleged in this action.  Racette Decl. ¶ 5.  Racette's search failed to reveal any grievances or correspondence sent to him from plaintiff.  Id.

Plaintiff has failed to show that the grievance process was not available to him, that the defendants waived the defense of failure to exhaust, or that there were special circumstances that would justify his failure to comply with exhaustion requirements. Ruggiero, 467 F.3d at 175.  Additionally, there are no facts that show the defendants' behavior prevented the plaintiff from seeking administrative remedies.  Thomas, 2002 WL 31164546, at *3.  Because plaintiff has failed to grieve the aforementioned attacks, and has demonstrated no exception, he has failed to exhaust his administrative remedies.  Boddie v. Bradley, 228 F. App'x 5, 1-2 (2d Cir. 2006).

Accordingly, it is recommended that defendants' motion for summary judgment be

granted on this ground, but that such dismissal be without prejudice.

### 2. Auburn C.F.

### a. Grievance AUB-64006-13

Plaintiff claims that he was attacked on November 21 or 22, 2013, at Auburn C.F. Dkt. No. 10 at 4. The attack caused significant injury, necessitating treatment at a hospital. Id. Plaintiff filed a grievance regarding the attack on November 26, 2013, which requested that inmates be required to walk through a metal detector when entering the yard. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 7). The IGRC denied the grievance, citing insufficient staff and equipment to comply with plaintiff's request. Id. (Dkt. No. 27-5 at 9).

Plaintiff completed the first step of the grievance process, but never appealed the IGRC response to the facility superintendent, or to CORC. Parmiter Decl. ¶ 9; N.Y. COMP. CODES. R. & REGS. tit. 7, § 701.5 (2015). Harold Graham, Superintendent of Auburn C.F., conducted a diligent search of his records, and found no correspondence from plaintiff. Declaration of Harold Graham ("Graham Decl.") ¶ 5 (Dkt. No. 27-6). The records maintained by DOCCS' Inmate Grievance Program show that plaintiff never appealed any grievance to CORC. Declaration of Jeffery Hale ("Hale Decl.") ¶ 11 (Dkt. No. 27-7). The exhaustion of administrative remedies must be fully completed prior to the filing of an action in federal court. Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001), overruled on other grounds, Porter, 534 U.S. at 532. Thus, "where it appears that plaintiff has begun, but not completed, the grievance procedure, the appropriate course would be to dismiss the action without prejudice to allow plaintiff to meet the exhaustion requirement." Leal v. Johnson,

-11-

315 F. Supp. 2d 345, 347 (W.D.N.Y. 2004). Because plaintiff failed to appeal the IGRC determination to the superintendent, or to CORC, he has failed to exhaust his administrative remedies under the PLRA.

Moreover, with respect to this grievance, plaintiff does not allege that he failed to meet the exhaustion requirement due to administrative remedies being unavailable to him, nor does he allege that the defendant has waived the defense of failure to exhaust or acted in such a way as to estop him from raising such a defense. Ruggiero, 467 F.3d at 175. Plaintiff also does not allege any special circumstances that would justify his failure to comply with the exhaustion requirement. Id.

Accordingly, it is recommended that defendants' motion for summary judgment be granted on this ground, but that such dismissal be without prejudice.

### b. Grievance AUB-64028-13

Plaintiff's second grievance, AUB-64028-13, filed on November 28, 2013, stated that while he was receiving treatment at a hospital after being attacked on November 20, 2013, the staff at Auburn C.F. lost his property. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 11). The IGRC concluded that plaintiff's property could not be located and recommended that plaintiff file a claim for missing property. Id. (Dkt. No. 27-5 at 12-13). Plaintiff did not appeal the IGRC's determination to the superintendent, or to CORC. Parmiter Decl. ¶ 12; Graham Decl. ¶ 5; Hale Decl. ¶ 10; Hale Decl. Ex. A (Dkt. No. 27-7 at 5-6). As stated, the exhaustion of administrative remedies must be fully completed prior to the filing of an action in federal court. Neal, 267 F.3d at 123. Because plaintiff did not appeal the IGRC's determination, he

has failed to exhaust his administrative remedies under the PLRA. Leal, 315 F. Supp. 2d at 347.

With respect to this grievance, plaintiff does not allege that he failed to meet the exhaustion requirement due to administrative remedies being unavailable to him, nor does he allege that the defendant has waived the defense of failure to exhaust or acted in such a way as to estop him from raising such a defense. Ruggiero, 467 F.3d at 175. Plaintiff also does not allege any special circumstances that would justify his failure to comply with the exhaustion requirement. Id.

Accordingly, it is recommended that defendants' motion for summary judgment be granted on this ground, but that such dismissal be without prejudice.

### c. Grievance AUB-64125-13

On December 20, 2013, plaintiff filed a grievance requesting that he be placed in the APPU because he believed that he was not safe in the general prison population due to his status as an informant, and because he had previously been attacked at Clinton C.F. Parmiter Decl. Ex. A (Dkt. No. 27-5 at 14). On January 24, 2014, the IGRC informed plaintiff that a transfer was beyond the scope of its authority, and referred the grievance to the superintendent. Id. (Dkt. No. 27-5 at 16-17). The superintendent issued a response, granting plaintiff safe housing prior to his transfer to Elmira C.F. Id. (Dkt. No. 27-5 at 16). Plaintiff claims that he did not receive the superintendent's response. Dkt. No. 10 at 5. Plaintiff did not appeal the superintendent's response. Parmiter Decl. ¶ 16.

The ordinary procedure of the IGRC is to send a superintendent's response to the

-13-

inmate's current housing facility. Parmiter Decl. ¶ 18. However, where an inmate fails to receive a response within the specified time period, he or she can and must appeal to the next level of review. Collins v. Caron, No. 9:10-CV-1527 (GTS/RFT), 2014 WL 296859, at *2 (N.D.N.Y. Jan. 27, 2014) (stating that an inmate must appeal to the next level of review in the event that the inmate fails to receive a response from the IGRC or the superintendent). Therefore, plaintiff is required to appeal to CORC in the event that he does not receive the superintendent's response. Because plaintiff failed to appeal to CORC, he did not exhaust his administrative remedies. N.Y. COMP. CODES. R. & REGS. tit. 7, § 701.6(g)(2) (2015).

With respect to this grievance, plaintiff does not allege that he failed to meet the exhaustion requirement due to administrative remedies being unavailable to him, nor does he allege that the defendant has waived the defense of failure to exhaust or acted in such a way as to estop him from raising such a defense. Ruggiero, 467 F.3d at 175. Plaintiff also does not allege any special circumstances that would justify his failure to comply with the exhaustion requirement. Id.

Accordingly, it is recommended that defendants' motion for summary judgment be granted on this ground, but that such dismissal be without prejudice.

### 3. Elmira

Plaintiff claims that he was cut and punched by fellow inmates in January 2014, while housed at Elmira C.F. Dkt. No. 10 at 5. William Abrunzo, a DOCCS Inmate Grievance Supervisor at Elmira C.F., stated that, after conducting a diligent search of the inmate grievance records, he found no grievances filed by plaintiff regarding the January 2014

-14-

attack.  Declaration of William Abrunzo ("Abrunzo Decl.") ¶ 6 (Dkt. No. 27-3).  Further, Paul Chappius, Superintendent of Elmira C.F., failed to find any correspondence from plaintiff regarding the alleged attack.  Declaration of Paul Chappius ("Chappius Decl.") ¶ 5 (Dkt. No. 27-4).

Plaintiff does not allege that he failed to meet the exhaustion requirement due to administrative remedies being unavailable to him, nor does he allege that the defendant has waived the defense of failure to exhaust or acted in such a way as to estop him from raising such a defense.  Ruggiero, 467 F.3d at 175.  Plaintiff also does not allege any special circumstances that would justify his failure to comply with the exhaustion requirement.  Id.  Because plaintiff has failed to file a grievance for the aforementioned attack, and has demonstrated no exception, he has failed to exhaust his administrative remedies.  Boddie, 228 F. App'x at 1-2.

Accordingly, it is recommended that defendants' motion for summary judgment be granted on this ground, but that such dismissal be without prejudice.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Dkt. No. 27) on plaintiff's amended complaint (Dkt. No. 10) be **GRANTED** and that plaintiff's amended complaint be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a), and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation

and Order upon the parties in this action, pursuant to local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F. 2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F. 2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: November 24, 2015
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge